IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAMERON RITCHIE )
MILTON CRUZ and )
WILSON GARCIA, )
    Plaintiffs )
 )
vs. ) C.A.No. 07-257 Erie
 ) District Judge Cohill
DEPUTY WARDEN KINNANE, et al. ) Magistrate Judge Baxter
    Defendants. )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I    RECOMMENDATION**

It is respectfully recommended that Plaintiffs Cruz and Garcia be dismissed from the instant civil rights action due to their failure to prosecute this case. The Clerk of Courts should be directed to terminate Cruz and Garcia from the docket.

**II    REPORT**

Plaintiff Cameron Ritchie, an inmate formerly incarcerated at the Erie County Prison in Erie, Pennsylvania, filed this civil rights action, and paid the full filing fee, on September 25, 2007.

On October 19, 2007, Plaintiff filed a motion to amend his complaint to add two additional plaintiffs, Milton Cruz and Wilson Garcia, and a motion to certify a class action. Documents ## 5 and 8. By Order dated October 29, 2007, this Court granted that motion to amend and directed that Cruz and Garcia each either pay the filing fee of $350 or file a motion for leave to proceed in forma pauperis before November 9, 2007. Document # 11. The Order warned that failure to comply could result in dismissal.

By Report and Recommendation filed January 7, 2008, this Court recommended that

1

Plaintiffs Cruz and Garcia be dismissed from this action due to their failure to prosecute. Document # 17. Objections were filed by Plaintiff Ritchie and the Report and Recommendation was withdrawn as it was not clear that Plaintiff Cruz and Garcia had received the Court's prior mailings. See Document # 51.

By Order dated April 8, 2008, Plaintiffs Cruz and Garcia were again directed to either pay the filing fee or file a motion for leave to proceed in forma pauperis before May 1, 2008. This order was mailed to the updated address for each Plaintiff. The order warned that failure to comply would result in the dismissal of Cruz and Garcia from this action. To date, none of the Plaintiffs has responded.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of Cruz and Garcia from this action. Since the filing of this matter over seven months ago, Plaintiffs Cruz and Garcia have taken none of the necessary first steps to prosecute this case. Further, Plaintiffs Cruz and Garcia have ignored multiple orders by this Court. These Plaintiffs bear all of the responsibility for any failure in the prosecution of their claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent and incarcerated parties. Although it is possible that Plaintiffs' allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Plaintiffs Cruz and Garcia be dismissed from the instant civil rights action due to their failure to prosecute this case. The Clerk of Courts should be directed to terminate Cruz and Garcia from the docket.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: May 7, 2008