IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAMERON RITCHIE )<br>    Plaintiff )<br>)<br>vs. )<br>)<br>DEPUTY WARDEN KINNANE, et al. )<br>    Defendants. ) | C.A.No. 07-257 Erie<br>District Judge Cohill<br>Chief Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss, or in the alternative for summary judgment, filed by Defendants [Document # 55] be granted. The Clerk of Courts should be directed to close this case.

**II    REPORT**

    **A.    Relevant Factual and Procedural History**

Plaintiff Cameron Ritchie, an inmate formerly incarcerated at the Erie County Prison in Erie, Pennsylvania, filed this civil rights action on September 25, 2007. In his Amended Complaint[1], Plaintiff alleges that his constitutional rights have been violated in several different

---

[1] An amended complaint generally "supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." New Rock Asset Partners, L.P., v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1504 (3d Cir. 1996) quoting Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985). Here, in his Amended Complaint, Plaintiff did not incorporate by reference or adopt any part of his Original Complaint. See Document # 10. As such, Plaintiff's Amended Complaint stands alone as the only operative pleading presently before this Court.

1

ways by Defendants. Plaintiff also raises various state tort claims. Named as Defendants are: Deputy Warden Vincent Kinnane; Warden James Veshecco; Major James Senyo; Captain Leslie Danowski; Captain Robert Kalivoda; Sergeant Gary Seymour; Corporal William Niebling; Corporal John Kendzoria; Corporal Robert Kremenik; and Corporal Michael Kudlack, all employees of the Erie County Prison. Document # 10, Amended Complaint.

Defendants have filed a motion to dismiss [Document # 55] and Plaintiff has filed a brief in opposition to the pending motion [Document # 63]. The issues raised in the dispositive motion are ripe for disposition by this Court.

### B. Standards of Review

#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

2

**2. Motion to dismiss**

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, ___ U.S. ___, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, ___ F.3d

3

___, 2008 WL 305025, at *5 (3d Cir. Feb. 5, 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 2008 WL 305025, at *6 quoting Twombly, ___ U.S. at ___, 127 S.Ct. at 1965 n.3.

### 3. Motion for summary judgment pursuant to Rule 56

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the

4

non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

      A material fact is a fact whose resolution will affect the outcome of the case under applicable law.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).  Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

### C.    The Prison Litigation Reform Act

Defendants argue that this action should be dismissed due to Plaintiff's failure to exhaust his administrative remedies in accordance with the requirements of the Prison Litigation Reform Act.

#### 1)    The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional Facility until such administrative remedies as are available are exhausted.

Id.

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as

5

particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[2] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

A plaintiff need not affirmatively plead exhaustion. Jones v. Bock, ___ U.S. ___, ___, 127 S.Ct. 910, 921 (Jan. 22, 2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). Instead, it is the burden of a defendant asserting the defense to plead and prove it. Id.

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the

---

2 Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

6

exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 2382. See also Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

**2)      The Administrative Process Available to Erie County Prison Inmates**

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to inmates at the Erie County Prison. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, ___ U.S. at ___, 127 S.Ct. at 922-23.

The Erie County Prison has established a multi-tier system whereby an inmate may seek formal review of aspects of his imprisonment. The inmate grievance procedure is detailed in Policy 510-01, effective February 28, 2004. The written policy indicates that, initially "inmates should first attempt to verbally resolve grievances, incidents, problems, or complaints through their housing unit staff." If the issue is not resolved informally, the inmate may file a written grievance with the inmate's counselor within fifteen days following the event. The policy further provides that within twenty days of the filing of the grievance, the inmate shall receive a written response. In the event the inmate is unhappy with the initial result of the grievance, he may appeal within five working days to the Warden, who shall make a determination on the appeal within ten working days. See also Document # 55-5, Erie County Prison Inmate Handbook, page 17.

### 3) Exhaustion applied

Defendants argue that Plaintiff has not fully exhausted his administrative remedies as to any of the issues raised in his complaint. Defendants contend that although Plaintiff has filed numerous grievances, he has never appealed to the highest level of review. Document # 56. In his brief in opposition to the pending motion, Plaintiff does not dispute this.[3] See Document # 63.

Accordingly, the motion to dismiss should be granted as Plaintiff has failed to exhaust his administrative remedies pursuant to the requirements of the PLRA.[4]

## III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss, or in the alternative for summary judgment, filed by Defendants [Document # 55] be granted. The Clerk of Courts should be directed to close this case.

In accordance with the Magistrates Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

---

[3] The prison's own grievance procedures "supply the yardstick for determining what steps are required for exhaustion." Williams v. Beard, 482 F.3d 637, 639 (3d Cir.2007) quoting Spruill, 372 F.3d at 231. See also Jones v. Bock, ___ U.S. at ___, 127 S.Ct. at 922-23 ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). This Court need not inquire into the fairness of the administrative remedy process, only whether the administrative remedies process was available.

[4] Because Plaintiff has not exhausted his administrative remedies, there is no need for this Court to address Defendants' alternative bases for the motion to dismiss.

8

S/ Susan Paradise Baxter
                                                                SUSAN PARADISE BAXTER
                                                                Chief U.S. Magistrate Judge


Dated: November 21, 2008